UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DAIN SANSOME, MEI SANSOME, SHINO SANSOME, and LYLA SANSOME, | Case No. 6:15-cv-02267-AA |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| GLENN FAIRALL, CITY OF ALBANY, MATTHEW STARK, and STATE OF OREGON, | |
| Defendants. | |

AIKEN, Judge:

Plaintiffs filed suit alleging that defendants violated their constitutional rights when plaintiff Dain Sansome was investigated and tried on charges of abuse. Defendants Matthew Stark and the State of Oregon move to dismiss plaintiffs' claims on grounds of Eleventh Amendment immunity. Defendants Fairall and City of Albany move to dismiss plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiffs filed no response to defendants' motions.

1   - OPINION AND ORDER

DISCUSSION

Defendants Stark and the State of Oregon argue that the Eleventh Amendment bars plaintiffs' claims against them from being brought in federal court. They are correct.

The Eleventh Amendment to the United States Constitution prohibits a plaintiff from suing the State of Oregon or its instrumentalities in federal court, unless the State has given unequivocal consent to be sued or Congress has abrogated that immunity. *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 540-542 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-100 (1984). Similarly, the Eleventh Amendment bars claims for damages against state officials sued in their official capacities. *See Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (for immunity purposes, suits against state officials in their official capacities are treated as suits against the state); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies.") (per curiam). Based on the allegations in the Complaint, plaintiffs sue Stark in his official capacity. *See* Compl. at 2. Therefore, plaintiff's claims against him and the State of Oregon must be dismissed.

Defendants Fairall and City of Albany move to dismiss plaintiffs' claims on grounds that they fail to state a claim. In the First Cause of Action, plaintiff Dain Sansome alleges a claim under § 1983 for violations of his "civil rights," though Sansome does not specify what rights were violated, how, or by whom. Compl. at 7.[1] In the body of the Complaint, Sansome further

---

[1] Elsewhere in the Complaint, plaintiffs assert violations of their "civil rights guaranteed by the Fifth, Sixth, and Fourteenth Amendments." Compl. at 7. Given that plaintiffs generally allege violations of their "due process" rights, *id.* at 5-6, they presumably intend to assert their due process claims under the Fourteenth Amendment rather than the Fifth Amendment. *See*

2   - OPINION AND ORDER

alleges that Fairall and the City violated his "due process rights" when Fairall ordered the alteration of a transcript documenting interviews between Sansome's minor child, Fairall, and Stark. *Id.* at 2-3, 5. However, he does not allege that the transcript alterations contained intentionally false accusations or caused the continuing investigation and prosecution of Sansome. *See Chism v. Washington State,* 661 F.3d 380, 386-87 (9th Cir. 2011); *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001). Moreover, given that Fairall's actions occurred in 2011, defendants argue that this claim is barred by the relevant two-year statute of limitations. *See Sain v. City of Bend,* 309 F.3d 1134, 1139 (9th Cir. 2002) (Oregon's two-year statute of limitations for personal injury actions applies to actions under § 1983). Plaintiffs did not respond to defendants' arguments and fail to assert a valid exception to the statute of limitations bar.

Sansome's Complaint also alleges that Fairall violated Sansome's due process rights by continuing the criminal investigation of Sansome in retaliation for exercising his right to counsel. However, Fairall's alleged conduct occurred in 2011, and this claim, to the extent it is cognizable, likewise is barred by the statute of limitations. *Id.*

In the Second Cause of Action, plaintiffs allege a claim under § 1983 for violations of their substantive rights against interference with familial relationships. Compl. at 8. However, this claim is based on Fairall's conduct in 2011 and 2012 and is also time-barred. *Sain,* 309 F.3d at 1139.

In the Third and Fourth Causes of Action, plaintiffs assert state law claims of malicious prosecution and interference in family relationships. Compl. at 9-10. Given the dismissal of plaintiffs' § 1983 claims, the court declines to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3).

---

*Bingue v. Prunchak,* 512 F.3d 1169, 1174 (9th Cir. 2008) (the Fifth Amendment's Due Process Clause applies only to the federal government).

3   - OPINION AND ORDER

## CONCLUSION

Defendants' Motions to Dismiss (docs. 16 and 21) are GRANTED. Plaintiffs' claims brought under 42 U.S.C. § 1983 are DISMISSED with prejudice. Plaintiffs' state law claims are DISMISSED without prejudice.

IT IS SO ORDERED.

Dated this 22nd day of May, 2016.

*Ann Aiken*
Ann Aiken
United States District Judge

4   - OPINION AND ORDER